**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MICHAEL MCMANUS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:10-cv-00281-RCJ-VPC |
| | ) | |
| MCMANUS FINANCIAL CONSULTANTS, | ) | **ORDER** |
| INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    This case arises out of the pay reduction and eventual firing of a corporate whistle-blower. Before the Court are two motions to dismiss. For the reasons given herein, the Court denies the first Motion to Dismiss (ECF No. 4) as moot and grants second Motion to Dismiss (ECF No. 8) for lack of subject matter jurisdiction.

**I.    FACTS AND PROCEDURAL HISTORY**

    Plaintiff Michael McManus was the Chief Financial Officer of Defendant Aeolus Pharmaceuticals, Inc. ("API") and an employee of Defendant McManus Financial Consultants, Inc. ("MFCI"). (Am. Compl. ¶ 3, ECF No. 7). API's investors "provided financing" to API (apparently in the form of stock purchases) in October 2009, although the Amended Complaint ("AC") is not clear on the form of financing. (*See id.* ¶ 4). In December 2009, Plaintiff warned API's Chief Executive Officer, John McManus, and the Chairman of API's Board of Directors, David C.

1  Cavalier, that API could not legally issue stock for zero consideration. (*Id.* ¶ 5). John McManus told
2  Plaintiff that the Board would fire both of them if they did not agree to such a sale, but Plaintiff still
3  refused. (*Id.*). At a meeting of the Board where Plaintiff was prepared to contact API's outside
4  counsel to confirm to the Board that issuance of stock for zero consideration was illegal, John
5  McManus prevented Plaintiff from calling counsel to give his advice to the Board, and the Board
6  approved the issuance of stock for zero consideration. (*Id.* ¶ 6). In January 2010, an unidentified
7  person informed Plaintiff that he would have to take a cut in salary, and on January 18, 2010, John
8  McManus asserted that he had accepted Plaintiff's resignation, even though Plaintiff had not
9  tendered his resignation. (*Id.* ¶¶ 7–8). Plaintiff noticed a formal filing on January 24, 2010 that
10  falsely informed the Securities Exchange Commission and API's shareholders that he had resigned.
11  (*Id.* ¶ 10).

12      Plaintiff sued API, MFCI, and McManus & Co., Inc. in this Court for tortious discharge. (*See*
13  Compl., ECF No. 1). Plaintiff alleges diversity jurisdiction under 28 U.S.C. § 1332. Defendants
14  moved to dismiss, and Plaintiff filed the AC, which Defendants have also moved to dismiss.

15  **II.      LEGAL STANDARDS**

16      **A.      Rule 12(b)(1) and 28 U.S.C. § 1332**

17      Federal courts are of limited jurisdiction, possessing only those powers granted by the
18  Constitution or statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citations
19  omitted). The party asserting federal jurisdiction bears the burden of overcoming the presumption
20  against it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of
21  Civil Procedure 12(b)(1) provides an affirmative defense via a motion to dismiss for lack of subject
22  matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Additionally, a court may raise the question of subject
23  matter jurisdiction sua sponte at any time during pendency of the action. *United States v. Moreno-*
24  *Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). "[W]hen a federal court concludes that it lacks subject-
25  matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546

1   U.S. 500, 514 (2006) (citing 16 J. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106-88
2   to 106-89 (3d ed. 2005)).

3      Section 1332(a) of Title 28 creates original jurisdiction in the district courts between citizens
4   of different states where the matter in controversy exceeds the sum or value of $75,000. *See* 28
5   U.S.C. § 1332(a) and (a)(1).  For the purposes of diversity, a corporation is a citizen of both its state
6   of incorporation and the state where it has its principal place of business. § 1332(c)(1).  The Supreme
7   Court recently clarified that "principal place of business" under § 1332(c)(1) means a corporation's
8   "actual center of direction, control, and coordination" or "nerve center," which will usually be the
9   corporate headquarters. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (internal quotation
10  marks omitted).

11     Although Article III of the Constitution permits Congress to create federal jurisdiction where
12  there is minimal diversity, i.e., where any plaintiff is diverse from any defendant, *State Farm Fire*
13  *& Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967), section 1332 requires complete diversity, i.e.,
14  every plaintiff must be diverse from every defendant, *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81,
15  82 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).

16    **B.**  **Rule 12(b)(6)**

17     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim
18  showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the
19  . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal
20  Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state
21  a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the
22  complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).
23  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is
24  appropriate only when the complaint does not give the defendant fair notice of a legally cognizable
25  claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

2     In considering whether the complaint is sufficient to state a claim, the court will take all

3 material allegations as true and construe them in the light most favorable to the plaintiff. *See NL*

4 *Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to

5 accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

6 inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic

7 recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead

8 facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

9 (2009) (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)). "Generally, a district court

10 may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . .

11 However, material which is properly submitted as part of the complaint may be considered on a

12 motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th

13 Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and

14 whose authenticity no party questions, but which are not physically attached to the pleading, may be

15 considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss

16 into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

17 Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public

18 record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the

19 district court considers materials outside of the pleadings, the motion to dismiss is converted into

20 a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925

21 (9th Cir. 2001)**III.    ANALYSIS**

22     Defendants move to dismiss based on lack of subject matter jurisdiction and for failure to

23 state a claim. The Court grants the motion to dismiss for lack of subject matter jurisdiction.

24     Plaintiff alleges he is a citizen of Nevada and Defendants are not. (*See* Am. Compl. ¶ 1).

25 However, his allegation that no Defendant is a Nevada citizen is conclusory. Plaintiff in fact alleges

Page 4 of 8

1  that Defendant MFCI was incorporated in Nevada, (*see id.* ¶ 1), making it a Nevada citizen for the

2  purposes of diversity, *see* 28 U.S.C. § 1332(c)(1).  Defendants argue that there is therefore no

3  complete diversity, and hence no subject matter jurisdiction in federal court.

4         In response, Plaintiff cites *Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir.

5  1985) for the proposition that a corporation whose charter has been revoked is essentially a citizen

6  of no state for the purposes of diversity.  *Fritz* is an Eleventh Circuit case, not a Ninth Circuit case,

7  as Plaintiff incorrectly cites it.  More importantly, *Fritz* is inapposite.  In that case, brought by a

8  Florida plaintiff, a district court dismissed for lack of diversity when it became apparent that a

9  Defendant corporation had been incorporated in Florida. *See id.* at 1152.  The court of appeals

10 affirmed against the plaintiff's argument that the Florida corporation was an alter-ego of its foreign

11 parent company.

12        The question here is whether a corporation that has been dissolved remains a citizen of its

13 state of incorporation for the purposes of diversity.  Section 1332(c)(1) states "*has been*

14 *incorporated*," not "is incorporated." *See* 28 U.S.C. § 1332(c)(1) (emphasis added).  The perfect

15 tense in the English language indicates a completed action, regardless of the continuing vitality of

16 the action.  For example, "I have been to London" says nothing of whether I am still in London

17 today.  MFCI "has been" incorporated in Nevada.  The perfect tense can in some cases imply

18 continued vitality.  For example, "I have been admitted to the bar" implies that my license has not

19 since been revoked, but it does not require this conclusion.  Moreover, the perfect tense of "has

20 been" used for the place of incorporation is distinguished in § 1332(c)(1) from the present tense of

21 "has" used for the principal place of business. *See id.*  If a corporation's principal place of business

22 changes, its citizenship changes, but there is no change in citizenship for the purposes of diversity

23 by revocation of the charter, because such a change in status does nothing to affect the pure historical

24 fact that the corporation "has been incorporated" in whichever state applies.

25

1    This textual analysis of the diversity statute comports with the nature of a corporation.

2    Incorporation with a state creates a relationship with that state supporting citizenship for the

3    purposes of diversity, regardless of revocation.   Only that state may reinstate or revive the

4    corporation. Another corporation created in another state by the same name, and even with the same

5    officers, charter, and bylaws, is nonetheless a different entity.  Wright also supports this result:

6            Although the Model Business Corporation Act does not directly address the
         problem of diversity jurisdiction, it does state that actions by or against a corporation
7        after dissolution may be prosecuted or defended by a corporation in its corporate
         name. This language seems to suggest that a corporation should remain a citizen of
8        its former state of incorporation for purposes of actions commenced after dissolution.

9    13F Charles Alan Wright et al., Federal Practice and Procedure § 3623, at 30–31 (3d ed. 2009)

10   (footnote omitted).  Wright goes on to note disagreement over the question in the federal courts after

11   total dissolution.  In one case, a district court found that under Florida law, a dissolved corporation

12   could not be sued as a citizen, but only the former corporation's trustees (directors) individually. *See*

13   *id.* at 31 (citing *Am. Nat'l Bank of Jacksonville v. Jennings Dev., Inc.*, 432 F. Supp. 151 (M.D. Fla.

14   1977)).  In a competing case, a district court ruled that a dissolved Florida corporation was a citizen

15   of Florida for purposes of diversity. *Id.* at 32 (citing *Bazak Int'l Corp. v. William Weeden & Co.*, 496

16   F. Supp. 847 (S.D.N.Y. 1980)).   In a second case from the same district, a court ruled that a

17   corporation remained a citizen of the state of incorporation for the purposes of diversity for three

18   years after dissolution, because the law of the state of incorporation permitted suit for three years

19   after dissolution. *Id.* (citing *Boyd, Weir & Sewell v. Fritzen-Halcyon Lijn, Inc.*, 709 F. Supp. 707

20   (S.D.N.Y. 1989)).  The D.C. Circuit has ruled that state law governing the post-dissolution liability

21   of corporations determines the viability of citizenship for the purposes of diversity jurisdiction. *Id.*

22   (citing *Ripalda v. Am. Operations Corp.*, 977 F.2d 1464 (D.C. Cir. 1992); *see also Smith v. Arundel*

23   *Coop., Inc.*, 660 F. Supp. 912, 913 (D.D.C. 1987) (holding that a corporation not in good standing

24   but whose charter has not been revoked remains a citizen of its state of incorporation for the

25   purposes of diversity but noting in dicta that a corporation might not be a resident of a state that

1  revokes a its charter). *Ripalda* answered the question about which the district court wondered aloud

2  in *Smith*: at a minimum, a corporation remains a citizen of its place of incorporation for the purposes

3  of diversity for as long as it may sue and be sued under the laws of the state of incorporation.

4  *Ripalda*, 977 F.2d at 1468. Finally, as opposed to a dissolved corporation, a corporation which has

5  simply been inactive for some time remains a citizen of the state of incorporation, although the

6  circuits are in disagreement concerning the corporation's principal place of business in such

7  situations. *Id.* § 3624, at 53–58. Another treatise confirms that although the courts are in

8  disagreement over whether a defunct corporation retains its citizenship in its last principal place of

9  business for purposes of diversity, there is no disagreement that it retains its citizenship for purposes

10  of diversity in its place of incorporation. *See* 1 Fed. Proc., L. Ed. § 1:115 (West Group 2002 & Supp.

11  2009–2010) (collecting cases).

12      Only if MFCI had been dissolved such that it could not be sued at all at the time the

13  Complaint was filed would there potentially be diversity in this case, and under such circumstances

14  the Court would have to dismiss as against MFCI under Rule 12(b)(6). But MFCI can clearly still

15  be sued in Nevada, regardless of its having had its charter revoked. The corporate status of MFCI

16  is "permanently revoked." *See* Nevada Secretary of State, Business Entity Search, http://nvsos.gov/

17  sosentitysearch/CorpSearch.aspx (last visited Aug. 26, 2010). The website does not indicate a date

18  of revocation, but the AC itself alleges by inference that it must have been later than the latest day

19  Plaintiff worked for the corporation: January 24, 2010. Even assuming "permanent[] revo[cation]"

20  here means total dissolution, MFCI remains a citizen of Nevada for the purposes of diversity

21  jurisdiction, if not indefinitely, at least during the period of time that Nevada law permits it to be

22  sued in its own name—two years from dissolution:

23          The dissolution of a corporation does not impair any remedy or cause of
            action available to or against it or its directors, officers or shareholders arising before
24          its dissolution and commenced within 2 years after the date of the dissolution. It
            continues as a body corporate for the purpose of prosecuting and defending suits,
25          actions, proceedings and claims of any kind or character by or against it and of

Page 7 of 8

1       enabling it gradually to settle and close its business, to collect and discharge its
    obligations, to dispose of and convey its property, and to distribute its assets, but not
2       for the purpose of continuing the business for which it was established.

3  Nev. Rev. Stat. § 78.585.  Therefore, MFCI was a Nevada citizen when the Complaint was filed on

4  May 11, 2010.   Because MFCI is not diverse with Plaintiff, the Court lacks subject matter

5  jurisdiction and dismisses the case.

6                         **CONCLUSION**

7       IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 8) is GRANTED.

8       IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 4) is DENIED as

9  moot.

10       Dated this 20th day of October, 2010.

11

12                   _____
                     ROBERT C. JONES
13                   United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25